ARTHUR HIGBEE, as Temporary Administrator of the Estate of MICHAEL GORE, Deceased, Plaintiff, *v.* EVA SCHWARTZ et al., Defendants.

Supreme Court, Special Term, Kings County, February 27, 1945.

*Harry Scheer* for Eva Schwartz, defendant.

*Jacob N. Broudy* for plaintiff.

KLEINFELD, J. Motion to dismiss complaint. The complaint purports to state a cause of action under article 15 of the Real Property Law, as amended by chapter 561 of the Laws of 1943. It is significant to note that whereas the article, previous to amendment, required that the complaint " * * * set forth facts showing: * . * * 3. That the defendant unjustly claims * * * " (Real Property Law, § 501), the word " unjustly " has been omitted in the amended article (Real Property Law, § 502, subd. 1, par. [b]). All of the cases cited in support of the motion· antedate the amendment. Nevertheless, in the absence of factual allegations, which, if proven, would establish the lack of foundation for defendant's claim under a recorded deed, the complaint fails to state a cause of action. Article 15 of the Real Property Law, even as liberalized by the amendment of 1943, may not be construed to permit an attack against a record title without pleading the facts which it is claimed, render such title ineffective. The complaint having alleged that defendant's claim is based upon a recorded deed, it fails to comply with paragraph (a) of subdivision 1 of section 502 of the Real Property Law, in that it does not set forth the facts showing the " plaintiff's estate " unless facts are properly alleged to defeat defendant's record title. The motion to dismiss is therefore granted, with leave to plaintiff to plead over as indicated above. The briefs contain contradictory and confusing statements with reference to an application made to the Surrogate for leave to commence this action. The court does not, at this time, pass upon the question of legal capacity to sue. Settle order on notice.